**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ALAN GOLDSTEIN and KEITH REIDERS, on their own and on behalf of all other similarly situated persons, | § § § § | |
| *Plaintiffs*, | § § | |
| V. | § § | CAUSE NO. 6:06-CV-285 |
| RADIOSHACK CORPORATION, ET AL. ADMINISTRATION COMMITTEE OF RADIOSHACK CORPORATION, FRANK J. BELATTI, DANIEL R. FREEHAN, ROBERT S. FALCONE, RICHARD J. HERNANDEZ, JACK L. MESSMAN, DAVID JOHNSON, RANDY RAY, and ARNOLD GROTHUES, | § § § § § § § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANTS' MOTION TO TRANSFER VENUE**

Pending before the Court is the Defendants' Motion to Transfer Action to the Northern District of Texas, Fort Worth Division Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 18). The Court, having considered the motion, response, reply, and applicable law, finds that the Defendants' motion should be denied.

## BACKGROUND

Plaintiffs Alan Goldstein and Keith Reiders ("Plaintiffs") reside in Pennsylvania and Florida, respectively. Defendant RadioShack Corporation ("RadioShack") is a Delaware corporation with its principal executive offices located in Fort Worth, Texas. The remaining defendants are either directors of RadioShack or members of Defendant Administration Committee of RadioShack Corporation (collectively the "Defendants").

The Plaintiffs seek to represent a nationwide class of persons who are or were employees of RadioShack and participants in RadioShack's Company 401(k) Plan and its Company Supplemental Stock Purchase Plan (collectively the "Plans"). Plaintiffs allege that the Defendants breached various fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461 ("ERISA"). Specifically, Plaintiffs allege that the Defendants breached their fiduciary duties with respect to the Plans by failing to prudently and loyally manage the Plans' investment in RadioShack Corporation stock and by continuing to offer RadioShack stock when the stock no longer was a prudent investment for participants' retirement savings. Plaintiffs also allege that the Defendants breached their fiduciary duties by failing to provide complete and accurate information to Plan participants and beneficiaries; by failing to monitor and remove fiduciary appointees who had conflicts of interest or whose performance was inadequate; and for failing to fulfill their duties and responsibilities as co-fiduciaries.

## DISCUSSION

Title 28 U.S.C. § 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). The decision to transfer venue under § 1404(a) is within the trial court's sound discretion. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). It is undisputed that this case "might have been brought" in the Fort Worth Division of the Northern District of Texas. Accordingly, the primary issue in this case is whether the "convenience of parties and witnesses, in the interest of justice," requires the Court to transfer this action to the Fort Worth Division of the Northern District of Texas. *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2004). "The moving party bears the burden of demonstrating why the forum should be changed and the burden is a strong one as to proving that the convenience factors clearly favor such a change." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000) (noting that the moving party must demonstrate that the balance of convenience and justice "*substantially* weighs in favor of transfer"); *In re Triton Ltd. Securities Litigation*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) ("the defendants must carry a strong burden to prove that [the convenience] factors clearly favor such a change").

In considering whether transfer under §1404(a) is appropriate, courts generally balance both private convenience factors and public interest factors, none of which are given

dispositive weight. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Private factors often include: (1) plaintiff's choice of forum; (2) convenience of parties and witnesses; (3) place of the alleged wrong; (4) cost of obtaining the attendance of witnesses; (5) accessibility and location of sources of proof; and (6) possibility of delay and prejudice if transfer is granted. *Hanby,* 14 F. Supp. 2d at 676–77. Public interest factors often include: (1) administrative difficulties caused by court congestion; (2) local interest in adjudicating local disputes; (3) unfairness of burdening citizens in an unrelated forum with jury duty; and (4) avoidance of unnecessary problems in conflict of laws. *Id.* at 677.

    **A.**    *Private Interests*

        **1.**    **Plaintiff's Choice of Forum**

To begin, the plaintiff's choice of forum is an important factor, "but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. The significance of the plaintiff's choice of forum is reduced if the forum is not the plaintiff's place of residence. *See Hanby*, 144 F. Supp. 2d at 677. Similarly, a plaintiff's choice of forum is given less weight when the case is a class action. *See In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678 (E.D. Tex. 1999); *Broadhead Ltd. Partnership v. Goldman, Sachs & Co.*, Case No. 2:06-CV-9, 2007 WL 951511, *1 (E.D.Tex., Mar. 28, 2007). Here, no named plaintiff resides in the Eastern District. Accordingly, the Plaintiffs' choice of forum is entitled to a lesser degree of deference. The Court finds that, under given the circumstances, this factor is neutral as to transfer.

### 2.     Convenience of Parties and Witnesses

When considering the convenience of parties and witnesses, venue is often considered convenient in the district or division where the majority of witnesses are located. *See Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002). In addition, courts accord the convenience of non-party witnesses greater weight than that of party-witnesses. *See id.*

In this case, Defendants argue that any potential witnesses are located in Fort Worth because all RadioShack employees with knowledge of the Plans' administration work at RadioShack's headquarters in Fort Worth. RadioShack's Fort Worth headquarters is approximately 133 miles from the Tyler Division courthouse, and only one mile from the Fort Worth Division courthouse.[1] As has been noted by the Fifth Circuit in *In re Volkswagen*, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–05. The *Volkswagen* court noted, however, that this rule relates to the fact that, under FED. R. CIV. P. 45(c)(3), trial subpoenas requiring non-party witnesses to travel more than 100 miles would be subject to motions to quash. Plaintiffs argue that Defendants have not identified any non-party witnesses who would refuse to testify or are outside the range of the Court's subpoena power. Defendants argue in reply, however, that Plaintiffs have likewise

---

[1] See http://www.mapquest.com. The Court may take judicial notice of geography. *See Boyce Motor Lines v. United States*, 342 U.S. 337, 344 (1952).

identified no potential witnesses who reside in this district, and because no non-party witnesses have been identified, the location of party witnesses should be given weight.

The Court finds that, though the majority of potential witnesses are located in the Fort Worth Division of the Northern District, having to travel 133 miles to Tyler will present little more than a minor inconvenience. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that a distance of 203 miles represented a "minor inconvenience"). This factor weighs only slightly in favor of transfer, if at all.

### 3. Place of the Alleged Wrong

Defendants argue that the alleged wrong occurred in the Northern District because the decisions regarding the Plans at issue were made at RadioShack headquarters. In support of this proposition, Defendants cite cases that hold that "misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *In re Hanger Orthopedic Group, Inc., Securities Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) (quoting *In re Nematron Corp. Securities Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998)). Defendants state that Plaintiffs have not alleged that any relevant communications originated anywhere but Fort Worth.

Plaintiffs respond that ERISA affords broad venue options for plaintiffs, and that the alleged breaches of fiduciary duty may have originated in Fort Worth, but the result was felt nationwide. Plaintiff cites *Wallace v. American Petrofina, Inc.* for the proposition that venue

in an ERISA case is appropriate where a plaintiff's pension benefits are received because that is a district where the breach took place. 659 F. Supp. 829, 832 (E.D. Tex. 1987).

Though it is true that any acts or omissions giving rise to the Plaintiffs' breach of fiduciary duty claims likely occurred in Fort Worth, it is also true that ERISA's remedial purposes favor broad availability of applicable venues. *See Nicolas v. MCI Health and Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006) (noting Congress's intent to provide ERISA claimants with a broad choice of venues). Here, it is undisputed that venue is appropriate in the Eastern District under ERISA, and it is clear that any harm suffered by putative class members will be felt in the place where the Plaintiffs' ERISA Plan benefits are to be paid. Accordingly, the Court finds that this factor does not weigh in favor of transfer.

### 4. Cost of Obtaining the Attendance of Witnesses

As noted previously, most, if not all witnesses reside in or near Fort Worth, Texas. Plaintiffs have not identified any witnesses that are located in the Eastern District. Accordingly, the costs of obtaining the attendance of witnesses would likely decrease for all parties if this action were transferred to Fort Worth. Accordingly, this factor weighs in favor of transfer.

### 5. Accessibility and Location of Proof

The accessibility and location of proof, though not unimportant, weighs very lightly in the overall analysis given advances in technology that have improved copying,

transportation, and electronic storage and transmission of documents. Moreover, though most of the documents in this case are alleged to be housed in Fort Worth, the cost difference between producing these documents for trial in Tyler rather than Fort Worth would be negligible. This factor does not weigh in favor of transfer.

### 6. Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has "recognize[d] that in rare and special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence." *In re Horseshoe Entm't*, 337 F.3d at 434; *see also Shoemake*, 23 F. Supp. 2d at 835. Plaintiffs argue that recent judicial caseload statistics demonstrate that the Plaintiffs will suffer inherent delay and prejudice if this case is transferred to the Northern District of Texas. The Plaintiffs point to statistics indicating that the number of cases pending in the Northern District is greater than the number of cases pending in this district, and that the median time between filing of a case and trial is two months longer in the Northern District than it is in this district. Plaintiffs do not indicate any other factor, however, that would lead to a delay, and this case is still in a relatively early stage. In the Court's view, there are no "rare" or "special" circumstances that justify giving this element undue weight. Therefore, to the extent it is relevant, this factor does not weigh in favor of transfer.

**B.**     *Public Interest Factors*

**1.     Administrative Difficulties Caused by Court Congestion**

The Court should also consider public interest factors, such as the administrative difficulties that arise when courts become congested with litigation that ought to be handled at its place of origin. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Rock Bit Int'l, Inc. v. Smith Int'l, Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997). Plaintiffs' argument about delay is closely related to the element of court congestion. In this instance, the Plaintiffs' above-noted statistics indicate that a greater number of cases are pending in the Northern District of Texas than in the Eastern District. The Plaintiff's statistics, however, do not identify case distribution by division, and more importantly, Plaintiff's statistics are from 2005. Nevertheless, this factor does not weigh in favor of transfer.

**2.     Local Interest in Adjudicating Local Disputes**

Courts also consider the local interest in having localized disputes decided at home. *See Gilbert*, 338 U.S. at 509; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). Here, the Plaintiffs seek to represent a nationwide class of persons, and as such, the dispute is not localized in the sense that it involves only parties in a particular region. However, it is clear that the dispute will have a more concentrated impact in the Northern District, as a plurality of potential class members live and work in the Northern District. This factor weighs slightly in favor of transfer.

      **3.**      **Unfairness of Burdening Citizens In an Unrelated Forum with Jury Duty**

The Supreme Court has noted that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gilbert*, 338 U.S. at 508–09. In this case, Fort Worth has a strong local interest in the litigation. Nevertheless, as a national class action that admittedly affects residents of this district, there is also a relation between this community and the litigation, and it is not unfair to impose jury duty on the citizens of this community. This factor does not weigh in favor of transfer.

      **4.**      **Avoidance of Unnecessary Problems in Conflict of Laws**

This court and the Northern District of Texas are equally capable of applying federal law. This factor does not weigh in favor of transfer.

    **C.**    *Other Convenience Factors*

In addition to the above-identified § 1404(a) factors, Defendants ask the Court to consider the presence of a substantially similar class action currently pending in the Fort Worth Division of the Northern District. It appears that the Fort Worth case was filed approximately one month after this case was filed. Defendants argue that transfer to the Northern District will facilitate the consolidation of the pending class actions and the selection of an appropriate class representative while simultaneously obviating the peril of inconsistent rulings and judgments. Specifically, Defendants cite several cases that have noted the existence of "a strong public policy" in favor of consolidating substantially similar litigation in a single district. *See Firmani v. Clarke*, 325 F. Supp. 689, 693 (D. Del. 1971)

(holding that public policy favors consolidating substantially similar class actions in same district); *River Road Int'l, L.P. v. Josephthal Lyon & Ross Inc.*, 871 F. Supp. 210, 214 (S.D.N.Y. 1995) ("The presence of related litigation in the transferee forum weighs heavily in favor of transfer . . . ."); *Hall v. Kittay*, 396 F. Supp. 261, 264 (D. Del. 1975) (finding that transfer of class action to court with similar class action "would reduce the cost of litigation for both parties by minimizing travel and related expenses, and for defendants in particular by eliminating the necessity of counsel in two different fora defending against substantially the same claims"). Defendants also cite authority that the first-filed rule does not supersede the inquiry into the balance of convenience factors, and Defendants argue that this case should be transferred to a second-filed court if that court is demonstrably more convenient for the parties and witnesses. *See River Road Int'l*, 871 F. Supp. at 214; *Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252 CRB, 2002 WL 31465299, *4 (N.D. Cal. 2002).

Plaintiffs respond that the existence of a similar class action pending in another district is not a relevant factor under § 1404(a) analysis. Plaintiffs argue that, under *In re Volkswagen*, it is reversible error to consider a factor that is not part of the § 1404(a) analysis. *See In re Volkswagen*, 371 F.3d at 206 (holding that it was error for the court to consider the convenience of counsel in its § 1404(a) analysis). Plaintiffs further argue that, even under the Defendants' cited authority, a case should only be transferred to a second-filed court if that court is "demonstrably more convenient for the parties and witnesses."

*Centocor, Inc.*, 2002 WL 31465299, *4. Plaintiffs argue that Defendants have failed to show that Fort Worth is demonstrably more convenient for parties and witnesses than is Tyler.

The Court finds that the presence of another related class action may indeed be relevant to the § 1404(a) analysis, and such consideration is not precluded by *Volkswagen*. Specifically, the Fifth Circuit's decision in *Volkswagen* concluded that it was improper for the district court to consider the convenience of counsel under § 1404(a) because § 1404(a) only authorizes the court to consider the convenience of *parties* and *witnesses*. *See* 371 F.3d at 206 (citing *In re Horseshoe*, 337 F.3d at 434). The convenience of a defendant is directly implicated when the defendant is called to defend itself in similar class actions before courts in different judicial districts. In addition, the *Volkswagen* court noted that courts may consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." 371 F.3d at 203. Accordingly, under circumstances where the alternative forum is demonstrably more convenient for parties and witnesses, this factor may deserve consideration in the § 1404(a) transfer analysis.

In this case, however, these proceedings are in an early posture and no class has been certified, either in this court or in the Fort Worth court. Moreover, if a class is certified in one court, it is not clear how that decision would affect the other court's decision to certify or not certify a class. Finally, the Fort Worth court is not demonstrably more convenient than this court. The Court concludes that the existence of a similar action in another court neither weighs for nor against transfer.

## CONCLUSION

Having considered the above factors, the Court concludes that the Defendants have not satisfied their "strong" burden of showing that the balance of convenience and justice factors weigh in favor of transfer. Accordingly, the Defendants' Motion to Transfer Venue is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 1st day of May, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE